UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALVIN NEIL CRAVEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE GARCIA,<br><br>　　　　　Defendant. | Case No. 23-cv-01822-AMO (PR)<br><br>**ORDER DISMISSING FABRICATED-EVIDENCE CLAIM; AND SETTING BRIEFING SCHEDULE** |

On November 15, 2023, the Court dismissed Plaintiff Kalvin Neil Craven's fabricated-evidence claim with leave to amend to provide Craven one final opportunity to cure the deficiencies indicated in the Court's November 15, 2023 Order "within **twenty-eight (28) days**." Dkt. 11 at 3-4. The Court warned Craven that the failure to file a proper amended complaint within the designated time will result in the following: "(1) the dismissal of Craven's fabricated-evidence claim; (2) the original complaint (Dkt. 1) remaining the operative complaint; and (3) this action proceeding in accordance with th[e] [November 15, 2023] Order." *Id.* at 4.

The twenty-eight days provided by the Court have passed, and Craven has neither filed an amended complaint with an amended fabricated-evidence claim nor sought an extension of time to do so. Consequently, and in accordance with the Court's November 15, 2023 Order, Craven's fabricated-evidence claim is **DISMISSED** and Craven's original complaint (Dkt. 1) remains the operative complaint. Additionally, the Court expects this action to proceed in accordance with the Court's November 15, 2023 Order.

The Court further notes that Defendants have withdrawn the motion to dismiss they filed on January 19, 2024. Dkt. 16. Without any pending deadlines, the Court **ORDERS** the parties to abide by the below briefing schedule:

　　1.　　The following briefing schedule shall govern any motions for summary judgments

in this action:

    a.    No later than **sixty (60) days** from the date of this Order, the defendant shall file a motion for summary judgment. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).

If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant shall so inform the Court at least **seven (7) days** prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

    b.    The plaintiff's opposition to the dispositive motion shall be filed with the Court and served on the defendant no later than **twenty-eight (28) days** after the date on which the defendant's motion is filed.

    c.    The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

(The notices above do not excuse the defendant's obligation to serve similar notices again concurrently with motions for summary judgment. *Woods*, 684 F.3d at 935.)

d. The defendant shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

2. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendant to depose the plaintiff and any other necessary witnesses confined in prison.

3. All communications by the plaintiff with the Court must be served on the defendant's counsel by mailing a true copy of the document to them.

4. It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3